[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR PERMISSION TO PRESENT EVIDENCE
The plaintiffs[1] have moved, pursuant to General Statutes §8-8 (j), for permission to present additional evidence in support of their appeal from a decision of defendant Planning and Zoning Commission of the Town of Monroe, which approved an application submitted by defendant Summit Residential L.L.C. for a zone change and special exception. The plaintiffs want to show that a protest petition that they filed pursuant to General Statutes § 8-3 (b) was valid, thereby making the commission's vote inadequate, and the approval ineffective. The defendants oppose the motion, claiming that this court's allowing additional evidence would be contrary to long-standing policy that allows a commission to rely on the expert advise of its staff. For the reasons stated below, this court concludes that additional evidence is needed for the equitable disposition of the plaintiffs' appeal and, accordingly, grants the plaintiffs' motion.
A public hearing on defendant Summit Residential, L.L.C.'s application was held on May 13, 1999. At the commencement of the hearing, the chairman of the planning and zoning commission made the following announcement:
We have also received a petition in opposition to the proposal. The receipt of this petition could, when validated, require that the Commission act by a two-thirds vote to approve any application. A two-thirds vote, in this case, would be a 4 and 1 vote for the five voting members of the commission. We will be validating the petition over the next several days to make sure it meets the requirements of statute for an opposing petition. That will not be done tonight. That will be done later on. (Return of Record, Item 14 at page 5.) CT Page 16367
When a valid protest petition is filed, § 8-8 (b) provides that "a proposed change . . . shall not be adopted except by a vote of two-thirds of all the members of the commission." The commission approved the application on September 9, 1999, by a three to two vote. Implicit in the commission's decision is a finding that the protest petition was invalid.
At an executive session that was held on July 29, 1999, the town planner distributed to the commission a memorandum in which he discussed the requirements of § 8-8 (b) and its application to the plaintiffs' petition. (See Return of Record, Item 33.) While the town planner correctly set forth the statutory requirements, his memorandum indicates that he may have misapplied the statute. It appears that he incorrectly focused on the percentage of lot owners who signed the petition rather than the percentage of lot area owned by those who did sign the petition.
The town planner's review "included comparison of names/signatures to town ownership records, calculation of various property areas against statutory requirements. . . ." In his discussion of the statute, he states the following:
 There are two scenarios under which a protest can be qualified. The protest must meet either one or the other, but not both.
 • "a protest. . . . signed by the owners of twenty per cent or more of the area of the lots included in such proposed change
• or
 • "a protest. . . . signed by the owners of twenty per cent or more of the area of the lots within five hundred feet in all directions of the property included in the proposed change" (Return of Record, Item 33.)
The first prong of the statutory test does not apply to this case. With respect to the second prong of the statutory test, the town planner reports in his memorandum the following:
It was determined that 18.6% of the owners of the lots within five hundred feet of the zone change appeared CT Page 16368 on the protest. As the statutory requirement of twenty percent or more of the owners of the lots within five hundred feet are required, the protest is not valid for the purpose of triggering a two-thirds vote. (Return of Record, Item 33, emphasis in original.)
The above paragraph indicates that the town planner focused on the percentage of lot owners who signed the petition rather than the percentage of lot area owned by those who did sign the petition. Certainly, an ambiguity exists. "[T]he correct question under 8-3 (b) . . . is whether the owners of at least 20 per cent of the applicable surrounding area signed the petition. The percentage of owners signing the petition is immaterial." Colby Associates v. East Haven Planning Zoning Commission, No. 330698 (Jud. Dist. of New Haven) (Licari, J., 6/18/93)
The minutes of the executive meeting note that the town planner "had completed a calculation which indicated that the protest documents submitted at the public hearing did not meet the minimum percentage required under State Statute. For that reason, a two-thirds vote would not be required." (Return of Record, Item 34, page 4.)
The defendants cite the case of Blaker v. Planning ZoningCommission, 219 Conn. 139, 592 A.2d 155 (1991) (Blaker II), for the proposition that this court's allowing evidence outside the record would run counter to well-established law and sound public policy. Contrary to the defendants' assertion, the opinion in Blaker II indicates that a party may challenge the adequacy of a vote by submitting evidence outside the record.
The central issue in Blaker was the validity of a protest petition. The case generated two Supreme Court opinions. In the first opinion, the Supreme Court remanded the case to the trial court after finding "the factual issue of the validity of the petition was adjudicated improperly because of the court's legal error in allocating the burden of proof. . . ." Blaker v. Planning Zoning Commission, 212 Conn. 471, 480,562 A.2d 1093 (1989) (Blaker I). The Supreme Court held that the burden shifted to the defendants to show that an ex-parte communication from the defendant applicant to the defendant commission did not prejudice the plaintiff.[2] In Blaker II, the Supreme Court indicated that in remanding the case "we invited Baker-Firestone to present evidence with respect to the petition's validity so that the validity of the petition could be determined on its merits." Blaker II, supra, 145. At the remand hearing, Defendant Baker-Firestone did not prevail because it "chose to present no evidence concerning the validity of the petition. . . ." Id. at CT Page 16369 147. The Supreme Court noted that "[a]t the remand hearing, Baker-Firestone had another opportunity to present evidence demonstrating the petition's invalidity, but, as a matter of strategy, chose not to do so." Blaker II, supra, 150. When the Supreme Court indicated in Blaker II
that it invited defendant Blaker-Firestone to present evidence and that Baker-Firestone chose not to do so, the court was referring to evidence outside of the record.
This court's interpretation of the Blaker case is in accord with the actions of other trial court judges. The case of Ammentorp v. Planning Zoning Commission of the Town of Newtown, CV99-033 63 29S (Jud. Dist. of Danbury, June 9, 2000) (Radcliffe, J.) is an example of the Superior Court's allowing evidence outside the record pursuant to General Statutes § 8-8 (j) in order to determine the validity of a protest petition filed pursuant to General Statutes § 8-3 (b). In another case, the trial court remanded the matter to the town planning and zoning commission for the purpose of determining whether the petition complied with the requirements of § 8-3 (b). See Halpin v. South WindsorPlanning Zoning Commission, CV 93 052 55 52S (Jud. Dist. of Hartford, Jan. 18, 1995) (Mottolese, J.). None of the parties in the present case have suggested a remand would be appropriate.[3]
While an administrative appeal "shall be confined to the record," General Statutes § 4-183 (i), an exception to this rule exists "if alleged irregularities in procedure before the agency are not shown in the record." General Statutes § 4-183 (i). See Baker II, supra, 146. The record does not show what town records were reviewed by the town planner while investigating the protest petition. Moreover, in light of the fact that the commission began the public hearing by expressly reserving its "validating" of the protest petition to an executive session, the plaintiffs have not had the opportunity to refute the town planner's opinion or to offer additional evidence as to the requisite ownership requirement. Under the circumstances, additional evidence is appropriate for an equitable determination of the appeal.
At the evidentiary hearing, the plaintiffs will have the burden of proving the validity of the protest petition. The defendants may also present evidence.
For the foregoing reasons, the motion to present evidence is granted.
THIM, J.